FILED
BILLINGS, MT

2006 NOV 22 AM 10 02

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| FRED LEON BARNEY | Cause No. CV-06-14-BLG-RFC-RWA |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| TED LEWIS, DALE HENRICH, SUE DRIVDAHL, AND LT. MOSER, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Complaints (Documents 1 and 4) filed pursuant to 42 U.S.C. § 1983 regarding a write-up he received at the Dawson County Correctional Facility.

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 1

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

### A. Parties

Plaintiff Fred Barney is a pro se prisoner currently incarcerated at the Montana State Prison. The Defendants named in Plaintiff's complaint are Ted Lewis, Warden of the Dawson County Correctional Facility (DCCF); Dale Henrich, the Inmate Probation Parole Officer (IPPO) at DCCF; Sue Drivdahl, IPPO at DCCF; and Lt. Moser, disciplinary hearing officer at DCCF.

### B. Allegations

According to the documents attached to Plaintiff's original complaint, Plaintiff submitted a number of requests to jail officials between November 20, 2005 and January 11, 2006 seeking a "Form 2" and assistance in resolving a warrant detainer which was preventing him from being sent to pre-release. Plaintiff was apparently given a write up for lying or providing a false statement in one or more of these requests. Plaintiff did not submit the actual write-up at issue. On January 19, 2006, Plaintiff signed a plea agreement regarding the write-up and received a verbal warning to be more cautious with the contents of his grievances.

Plaintiff alleges that he did not lie or give a false statement and therefore the write-up was false. He contends that Warden Ted Lewis wrote him up for asking for his help. Dale Henrich and Sue Drivdahl said that he lied and Lt. Moser found him guilty for lying.

### C. Analysis

To establish a constitutional due process claim under 42 U.S.C. § 1983 a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. Zinermon v. Burch, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed.

2d 100 (1990) (citing Parratt v. Taylor, 451 U.S. 527, 537, 101 S. Ct. 1908, 1914, 68 L. Ed. 2d 420 (1981)). In the absence of such a constitutionally protected interest, the Constitution does not require the provision of any process. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 2704, 33 L. Ed. 2d 548 (1971); and Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995).

Interests protected by due process may arise from two sources: (1) the Due Process Clause itself; and (2) state law or regulation. Meachum v. Fano, 427 U.S. 215, 223-27 (1976); and Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993). In the prison setting the Due Process Clause is implicated only with regard to those actions that are so severe as to affect the sentence imposed in an unexpected manner. See Sandin v. Conner, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). Such liberty interests arising from the Due Process Clause are limited. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id.

In Sandin, the United States Supreme Court changed the methodology for determining whether a liberty interest in the prison context arises under state law. In that case an inmate was placed in disciplinary segregation after a disciplinary hearing at which he was not allowed to present witnesses. The inmate brought an action under 42 U.S.C. § 1983 alleging he had a liberty interest in remaining free from disciplinary segregation. In determining that the inmate had no such liberty interest the Supreme Court stated:

> The time has come to return to the due process principles we believe were correctly established and applied in Wolff and Meachum. [footnote omitted] Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. [citation omitted] But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 3

the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin, 115 S.Ct. at 2300. Following Sandin, there are only two ways a prisoner can assert a protected liberty interest as follows:

(1) when the prison's actions have the effect of altering the term of imprisonment (i.e. revocation of good time credits), which is protected by the Due Process Clause by its own force, and (2) when a state prison regulation proscribes a prison official's conduct and the conduct imposes an "atypical and significant hardship" on the inmate.

Plaintiff's allegation, that he was wrongfully accused of making a false statement for which he received a verbal reprimand, does not satisfy the "atypical and significant hardship" standard set forth in Sandin. Although Plaintiff argues that the write-up could affect his ability to go to pre-release and/or be paroled, Sandin specifically held that even though such actions by jail officials may inevitably affect the duration of confinement, the impact is "simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Sandin, 115 S.Ct. at 2302. Plaintiff has failed to submit evidence that the discipline he received as a result of correctional officers' alleged false disciplinary reports amounted to a significant and atypical deprivation. Thus, he did not create a genuine issue that he had a liberty interest in avoiding the discipline imposed.

### D. Conclusion

The Court finds that Plaintiff's Complaints fail to state a claim upon which relief may be granted. As such, it will be this Court's recommendation that the dismissal of Plaintiff's complaints be deemed a strike pursuant to 42 U.S.C. § 1997g. For Plaintiff's information, that section provides that if a prisoner has, on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief

may be granted, his or her motion to proceed in forma pauperis must be denied unless the prisoner is under imminent danger of serious physical injury. 42 U.S.C. § 1997g.

## RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Plaintiff's Complaints (Documents 1 and 4) be **DISMISSED.** The Clerk of Court should be directed to have the docket reflect that this dismissal is deemed a strike pursuant to 42 U.S.C. § 1997g because Plaintiff failed to state a claim upon which relief could be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 22nd day of November, 2006.

Richard W. Anderson
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 5